Filed 10/23/13  P. v. Trayham CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFRED ELDRED TRAYHAM,<br><br>    Defendant and Appellant. | B246899<br><br>(Los Angeles County<br>Super. Ct. No. BA398348) |

_____

        APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

        Melissa A. Fair, under appointment by the Court of Appeal, for Defendant and Appellant.

        No appearance for Plaintiff and Respondent.

_____

## INTRODUCTION

Defendant Alfred Eldred Trayham appeals from a judgment of conviction entered after a jury found him guilty of first degree burglary (Pen. Code, § 459) and found true the allegation that another person, other than an accomplice, was present in the residence (*id*., § 667.5, subd. (c)). The trial court sentenced Trayham to state prison for the middle term of four years. The court awarded Trayham a total of 249 days of presentence credit (217 actual days and 32 days of conduct credit). The court ordered Trayham to pay a $40 court operations assessment (*id*., § 1465.8), a $30 criminal conviction assessment (Gov. Code, § 70373), and a $240 restitution fine (Pen. Code, § 1202.4, subd. (b)). The court also imposed and suspended a $240 parole revocation fine (*id*., § 1202.45).

## FACTS

While Edwin Amaya was in the bathroom brushing his teeth and getting ready for work, he heard the front door to his apartment open and someone enter his living room. He heard the sounds of drawers opening and someone "looking for something." At first he thought it was his wife, but he did not hear her voice. His three-and-a-half month-old son was sleeping in the living room. When Amaya went into the living room he saw a person who was not his wife, but was Trayham, holding a blue plastic bag. After noticing that the laptop computer was not where he had left it on the chair, Amaya asked Trayham what he was doing and knocked the bag out of Trayham's hand. The bag broke, Amaya's computer fell out, and Trayham left. Los Angeles Police Department officers arrested Trayham about a block away, and Amaya immediately recognized him.

## DISCUSSION

We appointed counsel to represent Trayham on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On July 11, 2013 we advised

Trayham he had 30 days to personally submit any contentions or issues he wished us to consider. We have received no response to date.

We have examined the record and are satisfied that Trayham's attorney has fully complied with the responsibilities of counsel and that there is no arguable issue. (See *Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 118-119; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

### DISPOSITION

The judgment is affirmed.

SEGAL. J.[*]

We concur:

WOODS, Acting P. J.

ZELON, J.

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.